UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO P. NAVAL,

    Petitioner,

v.

CHARLES W. CALLAHAN, Warden,

    Respondent.

Case No. 17-04668 BLF (PR)

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

(Docket No. 11)

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Respondent filed a motion to dismiss the petition for failure to exhaust state remedies.[1] (Docket No. 11, hereafter "Mot.") Petitioner did not file an opposition although given an opportunity to do so. For the reasons set forth below, Respondent's motion to dismiss is GRANTED.

## I. BACKGROUND

Petitioner was convicted in 2007 by a jury in San Francisco County Superior Court of continuous sexual abuse of a child, threatening great bodily injury, dissuading a witness,

---

[1] This matter was reassigned to this Court after Respondent declined magistrate jurisdiction. (*See* Docket No. 8.)

1   and assault with a deadly weapon. (Mot. at 1, Ex. A at 1.) Petitioner was sentenced to 18

2   years in state prison.

3           On January 10, 2010, the California Court of Appeal reversed Petitioner's

4   conviction for assault with a deadly weapon, affirmed his conviction on the three

5   remaining counts, and remanded the matter to the superior court for resentencing. (*Id.*)

6   On September 1, 2010, the superior court resentenced Petitioner to 15 years in state prison.

7   (*Id.* at 2.)

8           Petitioner filed an appeal and a petition for writ of habeas corpus in the California

9   Court of Appeal. On March 29, 2012, the state appellate court affirmed the conviction and

10  dismissed the habeas petition in an unpublished decision. (Mot., Ex. B.) Petitioner did not

11  seek review or file a habeas petition in the California Supreme Court. (*Id.*; Pet. at 3.)

12          Petitioner filed the instant federal habeas action on August 14, 2017.

## II. DISCUSSION

**A.    Exhaustion**

16          Prisoners in state custody who wish to challenge collaterally in federal habeas

17  proceedings either the fact or length of their confinement are first required to exhaust state

18  judicial remedies, either on direct appeal or through collateral proceedings, by presenting

19  the highest state court available with a fair opportunity to rule on the merits of each and

20  every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c). If available

21  state remedies have not been exhausted as to all claims, the district court must dismiss the

22  petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either

23  the fact or length of his confinement in a habeas petition in this Court, petitioner must

24  present to the California Supreme Court any claims he wishes to raise in this court. *See*

25  *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas

26  petition must be exhausted). If available state remedies have not been exhausted as to all

27  claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d

28  371, 372 (9th Cir. 1988).

Respondent argues that Petitioner did not exhaust his state judicial remedies for any of the three claims he raises in this action because he failed to file any pleading in the California Supreme Court seeking review of the state appellate court's decision. (Mot. at 2.) As such, Respondent argues that the instant petition must be dismissed for failure to exhaust state judicial remedies. (*Id.*)

Petitioner has filed no opposition to refute Respondent's motion. The petition indicates that he did not appeal the conviction to the California Supreme Court. (Pet. at 3.) The exhibits filed in support of Respondent's motion indicate that no review of Petitioner's conviction was sought in the state high court. *See supra* at 2. Accordingly, it appears that Petitioner failed to present any of the claims in the instant federal petition to the California Supreme Court such that the petition must be dismissed for failure to exhaust state judicial remedies. *See Rose*, 455 U.S. at 509-10. Respondent's motion to dismiss must be granted.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition, (Docket No. 11), is **GRANTED**. The instant petition for a writ of habeas corpus is **DISMISSED** for failure to exhaust state judicial remedies. The dismissal is without prejudice to Petitioner returning to this Court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

///

///

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated: _Aug 6, 2018_

_[signature]_
BETH LABSON FREEMAN
United States District Judge